

IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILLARD REDDEN TOUSSAINT                                           PLAINTIFF

VS.                                                  CIVIL ACTION NO. 2:17cv43-KS-MTP

FORREST COUNTY, MISSISSIPPI,
FORREST COUNTY SHERIFF'S DEPARTMENT,
FORREST COUNTY SHERIFF BILLY MCGEE,
JOHN DOES 1-3 INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES                                                DEFENDANTS

## COMPLAINT
(PLAINTIFF DEMANDS A TRIAL BY JURY)

COMES NOW, MILLARD REDDEN TOUSSAINT, by and through undersigned counsel and makes this, his Complaint against named Defendants, and would show unto the Court the following:

1. Plaintiff, Toussaint, is an adult resident citizen of Forrest County, Mississippi, who may be contacted through counsel.

2. The Defendant, Forrest County, Mississippi, is a State entity liable under 42 U.S.C. § 1983 for its unconstitutional acts, and may be served in this case by service upon the Forrest County Board of Supervisors, and/or the Chancery Clerk.  Forrest County is also liable under the Mississippi Tort Claim Act for State Court claims as set out in the Complaint below for which this Court has Ancillary jurisdiction.

3. John Does 1-3 are sued in their individual capacities and as deputies and/or corrections officers employed by Forrest County and/or the Forrest County Sheriff's Department, who acted in their individual and official capacities to violate the civil rights of Plaintiff, and who are also liable under State law claims as stated in this Complaint below.

## STATEMENT OF THE FACTS

4. On or about March 31, 2016 at 10:45 p.m., the Hattiesburg Police Department (hereafter HPD) arrested Plaintiff for First Offense Driving Under the Influence (hereafter DUI) and transported Plaintiff to the Hattiesburg Police Station for further DUI testing. HPD conducted a DUI investigation spanning several hours without incident. HPD then transported Plaintiff to the Forrest County Jail for booking.

5. After arriving at the jail, Plaintiff asked multiple times, through a speaker in the wall of the jail cell, to make a telephone call.

6. John Does 1-3, who were corrections officers with the Forrest County Jail, approached Plaintiff in his holding cell. They placed handcuffs on Plaintiff's ankles and wrists, with a chain connected between the handcuffs on Plaintiff's ankles and wrists. The officers hit Plaintiff and Plaintiff's head hit the back of a wall and his chest hit a chair. Defendants continued to assault Plaintiff until he was unconscious.

7. Next, the officers dragged Plaintiff down the hallway several feet, on the ground, while his wrists and ankles were still handcuffed, from the holding cell to an isolation cell.

8. Once inside the new isolation cell, Plaintiff pushed the "call" button multiple times and requested medical attention because he was in severe pain and he thought his ribs were broken.

9. One of the officers responded to Plaintiff's calls for help by stating, "Can you breath? If you can breath, you're fine and if you keep it up, we're coming back."

10. After Plaintiff was released from the Forrest County Jail several hours later, he immediately went to Merritt/Wesley Hospital. The emergency room physician confirmed that Plaintiff's ribs were broken and he had a labral tear in his right shoulder. Dr. Weaver

treated him for back pain, chest pain, shoulder pain, bruising, and bleeding all over his body as a result of Defendants' actions. Additionally, he had cuts on his ankles and wrists from Defendants beating him while he was handcuffed. Further, Plaintiff continues to suffer from emotional distress, anxiety, depression, and Post-Traumatic Stress Disorder (PTSD) as a result of the Defendants' actions and the deprivation of Plaintiff's constitutional rights. Plaintiff's treatment is ongoing with Dr. Weaver and Dr. Morgan and other medical staff at the Veteran's Administration for all physical and mental injuries.

11. Plaintiff immediately filed a formal complaint with Officer Nick Calico and also submitted his medical records and photographs to Investigator Calico. Plaintiff also immediately filed a formal complaint with Officer Walton of the Federal Bureau of Investigations.

## **JURISDICTION**

12. Plaintiff herein invokes the federal question jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, to obtain a judgment for the costs of suit, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, and caused by the Defendants' blatant violation of the rights, privileges and immunities of the Plaintiff, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable federal statutes, more particularly 42 U.S.C. §§ 1983 *et. seq.* including attorney fees under 1988, as well as 42 U.S.C. § 12101. This Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving

rise to the principal claims of the Plaintiff as herein stated. Finally, Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

13. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## STATEMENT REGARDING CUSTOM, POLICY OR PRACTICE

14. Defendant Forrest County Sheriff's Office, Forrest County Sheriff Billy Magee, and John Does 1-3 acting in their official capacities, carried out the violation of Constitutional rights of Plaintiff pursuant to policy or custom either written, wide-spread, or the result of a high ranking official with policy making authority, to violate the rights of Plaintiff. Defendants, acting under color of law, subjected Plaintiff to a pattern of conduct consisting of excessive force, assault and battery, defamation, reckless disregard, conspiracy, negligence, gross negligence, negligent training, negligent supervision, harassment, outrage, abuse of process, failure to provide medical care and treatment, and intentional infliction of emotional distress. These acts of excessive force, assault and battery, and humiliation, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order. Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their employees, the Forrest County Sheriff's Department has taken no steps or efforts to order

a halt to this course of conduct. Moreover, Forrest County and the individuals acting in their official capacities, failed to adequately train personnel to recognize, monitor, test, and provide emergency medical treatment for injured detainees and failed to provide reasonable access to emergency facilities or other necessary medical treatment.

## COUNT ONE IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourth, Fifth, and Fourteenth Amendments

15. Plaintiff incorporates by reference the preceding paragraphs.

16. On March 31, 2016 through April 1, 2016, Defendants used excessive force upon Plaintiff during a pre-trial detention, and violated Plaintiff's right to bodily integrity.

17. Plaintiff's rights were clearly established and violated by Defendants' actions herein.

## COUNT TWO IN VIOLATION OF 42 U.S.C. 1983
### Failure to Provide Medical Care in Violation of the Eighth and Fourteenth Amendments

18. Plaintiff incorporates by reference the preceding paragraphs.

19. Defendants failed to provide medical care and were intentionally indifferent to Plaintiff's serious medical needs and not only ignored Plaintiff's cries for help after they broke his ribs, ripped his shoulder, and battered, cut, and bruised his entire body, but they threatened to retaliate and continue the abuse if Plaintiff did not stop begging for help.

## COUNT THREE IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

20. Plaintiff incorporates by reference the preceding paragraphs.

21. Plaintiff served the Defendants with notice of this action pursuant to the Mississippi Tort Claims Act and more than ninety (90) days have passed since its service. (Exhibit A, Notice of Claim).

22. The actions of all Defendants described supra constitute the torts of excessive force, assault and battery, defamation, reckless disregard, conspiracy, negligence, gross negligence, negligent training, negligent supervision, harassment, outrage, abuse of process, failure to provide medical care and treatment, and intentional infliction of emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Declare Defendants' actions, as herein described, violated Plaintiff's Constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendants' violation of his constitutional rights;

6

5. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988 and/or 20 U.S.C. § 1400 *et seq.*; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED, this the 27th day of March 2017.

**MILLARD REDDEN TOUSSAINT**

By: *Tangi A. Carter*
TANGI A. CARTER

Tangi A. Carter
Attorney for Plaintiff
610 Adeline St., Suite 1-B
Hattiesburg, MS  39401
Telephone: (601) 544-1313
Facsimile:  (601) 861-4430
E-mail: tangi@tcarterlaw.com
Website: www.tcarterlaw.com
MS Bar Number: 10846

## CERTIFICATE OF SERVICE

I, Tangi A. Carter, do hereby certify that I have this date served, via hand delivery, a true and correct copy of the foregoing *Complaint* upon the following:

Jimmy C. Havard
Forrest County Chancery Clerk
641 North Main Street
Hattiesburg, MS 39401

Sheriff Billy McGee
Forrest County Sheriff
55 Arena Drive
Hattiesburg, MS 39401

David Miller
Board Attorney
Forrest County Board of Supervisors
P.O. Box 1310
Hattiesburg, MS 39403-1310

James K. Dukes, Jr.
Dukes, Dukes, & Hunter
226 West Pine Street
Hattiesburg, MS 39401


Corrections Officer John Doe 1
Wherever Found

Corrections Officer John Doe 2
Wherever Found

Corrections Officer John Doe 3
Wherever Found


This the 27th day of March, 2017.

_____
Tangi A. Carter
Attorney for Plaintiff