IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MILLARD REDDEN TOUSSAINT**                        **PLAINTIFF**

**VS.**                      **CIVIL ACTION NO.: 2:17-cv-43-KS-MTP**

**FORRECT COUNTY, MISSISSIPPI,**
**FORRECT COUNTY SHERIFF'S DEPARTMENT,**
**FORREST COUNTY SHERIFF BILLY MCGEE,**
**JOHN DOES 1-3 INDIVIDUALLY AND IN THEIR**
**OFFICIAL CAPACITIES**                          **DEFENDANTS**

### FORREST COUNTY, MISSISSIPPI, FORREST COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF BILLY MCGEE'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Forrest County, Mississippi, Forrest County Sheriff's Department, and Sheriff Billy McGee, by and through counsel, and in response to Plaintiff's Complaint would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Sheriff McGee is entitled to qualified immunity in this matter. More specifically, McGee would affirmatively assert that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, his conduct was objectively reasonable.

**FOURTH DEFENSE**

Answering defendants specifically assert and invoke all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendants respond to the Plaintiff's Complaint paragraph by paragraph, as follows:

## **COMPLAINT**

1.      Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.      Answering defendants admit that Forrest County is a governmental subdivision of the State of Mississippi and it may be served with process pursuant to the Federal Rules of Civil Procedure. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.      Answering defendants deny the allegations of paragraph 3 of Plaintiff's Complaint.

## **STATEMENT OF THE FACTS**

4.      Answering defendants admit, upon information and belief, the allegations of paragraph 4 of Plaintiff's Complaint.

5.      Answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

6.      Answering defendants deny the allegations of paragraph 6 of Plaintiff's Complaint.

7.      Answering defendants deny the allegations of paragraph 6 of Plaintiff's Complaint.

8. Answering defendants deny the allegations of Paragraph 8 of the Plaintiff's Complaint.

9. Answering defendants deny the allegations of Paragraph 9 of the Plaintiff's Complaint.

10. Answering defendants lack information sufficient to determine whether the Plaintiff "immediately went to Merritt/Wesley Hospital" and what any physician may have told him and, as such deny the same. Furthermore, answering defendants deny the remaining allegations of Paragraph 10 of the Plaintiff's Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

## JURISDICTION

12. Answering defendants admit that this Court has jurisdiction over this matter. Answering defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

## VENUE

13. Answering defendants admit venue is proper in this matter. Answering defendants deny the remaining allegations of Paragraph 13 of the Plaintiff's Complaint.

## STATEMENT REGARDING CUSTOM, POLICY OR PRACTICE

14. Answering defendants deny the allegations of Paragraph 14 of the Plaintiff's Complaint.

## COUNT ONE IN VIOLATION OF 42 U.S.C. 1983

### Excessive Force in Violation of the Fourth, Fifth, and Fourteenth Amendments

15. Answering defendants repeat and incorporate by reference all admissions and denials set forth in paragraphs 1-14 hereinabove as if the same were specifically set out herein.

16. Answering defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

## COUNT TWO IN VIOLATION OF 42 U.S.C. 1983

Failure to Provide Medical Care in Violation of the Eighth and Fourteenth Amendments

18. Answering defendants repeat and incorporate by reference all admissions and denials set forth in paragraphs 1-17 hereinabove as if the same were specifically set out herein.

19. Answering defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint.

## COUNT THREE IN VIOLATOIN OF 41 U.S.C. 1983

State Law Claims

20. Answering defendants repeat and incorporate by reference all admissions and denials set forth in paragraphs 1-19 hereinabove as if the same were specifically set out herein.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences, "WHEREFORE, premises considered…," answering defendants deny each and every allegation contained therein, including subsections 1 through 9, and would affirmatively aver that the Plaintiff is not entitled any recovery whatsoever.

## SEVENTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## EIGHTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

## NINTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**TENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## TWELFTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## THIRTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed and they be discharged with costs assessed against the Plaintiff.

**DATE:** **April 21, 2017.**

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI, FORREST COUNTY SHERIFF'S DEPARTMENT, AND SHERIFF BILLY MCGEE**

BY:  /s/*William R. Allen*
         One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

>Tangi A. Carter, Esq.
>Attorney at Law
>610 Adeline Street, Suite 1-B
>Hattiesburg, MS 39401
>tangi@tcarterlaw.com

This the 21st day of April, 2017.

/s/*William R. Allen*
OF COUNSEL