IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MILLARD REDDEN TOUSSAINT**                                                                                    **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO.: 2:17-cv-43-KS-MTP**

**FORREST COUNTY, MISSISSIPPI,**
**FORREST COUNTY SHERIFF'S DEPARTMENT,**
**FORREST COUNTY SHERIFF BILLY MCGEE,**
**JOHN DOES 1-3 INDIVIDUALLY AND IN THEIR**
**OFFICIAL CAPACITIES**                                                                                    **DEFENDANTS**

**FORREST COUNTY, MISSISSIPPI AND SHERIFF BILLY MCGEE'S**
**MOTION FOR JUDGMENT ON PLEADINGS AS TO STATE LAW CLAIMS**

Comes now, Forrest County, Mississippi and Sheriff Billy McGee, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Motion for Judgment on the Pleadings as follows:

1. This matter arises out of Plaintiff's incarceration in the Forrest County Jail in March, 2016. *Complaint, CM/ECF Doc. No. 1*, ¶4. More specifically, Plaintiff contends that while housed in the FCJ, unidentified defendants assaulted him. *Id.* ¶ 6. Subsequent to the assault, the Plaintiff contends that he was not provided medical care in spite of the fact that he had broken ribs. *Id.* ¶ 19.

2. Plaintiff asserts both federal and state law claims; however, this motion applies only to Plaintiff's state law claims.

3. Plaintiff asserts the following state law claims: excessive force; assault and battery; defamation; reckless disregard; conspiracy; negligence; gross negligence;

negligent training; negligent supervision; harassment; outrage; abuse of process; failure to provide medical care and treatment and intentional infliction of emotional distress.

4. Plaintiff's state law claims for monetary damages are almost exclusively governed by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.*, which bars the same. Insofar as those state law claims that are not governed by the MTCA are concerned, Forrest County can have no liability for the same.

5. Plaintiff state law claims for excessive force, reckless disregard, conspiracy, negligence, gross negligence, negligent training, negligent supervision, harassment[1] and failure to provide medical treatment are all governed by the MTCA. See *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999).

6. Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions. Several apply here to bar Plaintiff's claims.

7. First, the above claims are all barred by Section 11-46-9(1)(m) of the MTCA—commonly referred to as the inmate exception—which serves to procedurally bar any state law claim arising out of Plaintiff's incarceration. *See, e.g., Wallace v. Town of Raleigh*, 815 So.2d 1203 (Miss. 2002).

8. Plaintiff's claims for negligence, gross negligence, negligent training, negligent supervision are also barred by the Police Function Exemption in Section 11-46-9(1)(c) of the MTCA as there is no evidence any officer acted with reckless disregard

---

[1] Mississippi does not recognize harassment as a private cause of action under state law. As such, Plaintiff fails to assert a claim upon which relief may be granted, and the movant is entitled to dismissal of the same. See, e.g., *Mollaghan v. Varnell*, 105 So. 3d 291, 301 (Miss. 2012)(recognizing a claim for sexual harassment under federal law).

for Plaintiff's safety and well-being. *Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164 (Miss. 2003).

9.  Here, the above claims by their very terms are barred as they all center on alleged "negligence" by unnamed jailers. Negligence is not sufficient to overcome immunity as the standard is reckless disregard. *Turner v. Ruleville,* 735 So. 2d 226, 230 (Miss. 1999) (emphasis added); see also *City of Jackson v. Lipsey*, 834 So. 2d 687, 691 (Miss. 2003); see also *City of Jackson v. Gardner*, 108 So. 3d 927, 929 (Miss. 2013)(reckless disregard exceeds gross negligence and embraces willful and wanton conduct).

10. In addition, Sheriff McGee cannot be held personally liable for any of the above inasmuch as Section 11-46-5 specifically prohibits the same. While Plaintiff's Complaint does not allege Sheriff McGee was personally involved in any of the alleged incidents, any contact he might have had with Plaintiff would only be in his role as Sheriff of Forrest County.

11, Plaintiff's Complaint also asserts several claims against Forrest County and Sheriff McGee that are outside the parameters of the MTCA. These claims include assault and battery, defamation, outrage, abuse of process and intentional infliction of emotional distress.

12. Each of the above claims are barred as to Forrest County as the conduct that would make up such claims is outside the course and scope of an employees' employment. See Miss Code Ann. § 11-46-5.

13. Defamation is specifically noted as being barred and, thus, Plaintiff's defamation claim must be dismissed. Similarly, because assault and battery would constitute a criminal offense, Forrest County cannot be held liable for the same.

14. Plaintiff's malicious prosecution is also barred because it requires malice in instituting the proceedings. *McClinton v. Delta Pride Catfish*, Inc., 792 So.2d 968, 973 (Miss. 2001)(emphasis added).

15. Similarly, Plaintiff's claim for intentional infliction of emotional distress is barred. See *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011)(quoting *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1211 (Miss. 2000)(emphasis added); *McBroom v. Payne*, No. 1:06CV1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010)(intentional infliction of emotional distress barred by MTCA).

16. Sheriff Billy McGee cannot be held liable for the above referenced claims as there is not a single allegation that he was personally responsible for any assault and battery, defamation, outrage, abuse of process or intentional infliction of emotional distress towards the Plaintiff. Accordingly, all state torts which fall outside the auspices of the Mississippi Tort Claims Act (MTCA) are due to be dismissed as to McGee in his individual capacity.[2]

---

[2] Given that a claim asserted against McGee in his official capacity is, in essence, a claim against the County, for the same reasons as outlined hereinabove in Section IIIA, Plaintiff's claims for assault and battery, defamation, outrage, abuse of process and intentional infliction of emotional distress are likewise due to be dismissed as to McGee in his official capacity.

WHEREFORE, PREMISES CONSIDERED, Forrest County, Mississippi and Sheriff Billy McGee respectfully request that this Court dismiss all state law claims asserted against them.

**DATE:** **May 18, 2017.**

    Respectfully submitted,

    **FORREST COUNTY,**
    **MISSISIPPI AND SHERIFF**
    **BILLY MCGEE**

    BY:   /s/*William R. Allen*
           One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: jmalone@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion for Judgment on the Pleadings with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

>Tangi A. Carter, Esq.
>Attorney at Law
>610 Adeline Street, Suite 1-B
>Hattiesburg, MS 39401
>tangi@tcarterlaw.com

This the 18th day of May, 2017.

>*/s/William R. Allen*
>OF COUNSEL