IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MILLARD REDDEN TOUSSAINT**                                                            **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: 2:17-cv-43-KS-MTP**

**FORREST COUNTY, MISSISSIPPI,**
**FORREST COUNTY SHERIFF'S DEPARTMENT,**
**FORREST COUNTY SHERIFF BILLY MCGEE,**
**JOHN DOES 1-3 INDIVIDUALLY AND IN THEIR**
**OFFICIAL CAPACITIES**                                                            **DEFENDANTS**

### FORREST COUNTY, MISSISSIPPI AND SHERIFF BILLY MCGEE'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON PLEADINGS AS TO STATE LAW CLAIMS

Comes now, Forrest County, Mississippi and Sheriff Billy McGee, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Motion for Judgment on the Pleadings as follows:

### INTRODUCTION

This matter arises out of Plaintiff's incarceration in the Forrest County Jail in March, 2016. *Complaint, CM/ECF Doc. No. 1, ¶4.* More specifically, Plaintiff contends that while housed in the FCJ, unidentified defendants assaulted him. *Id. ¶ 6.* Subsequent to the assault, the Plaintiff contends that he was not provided medical care in spite of the fact that he had broken ribs. *Id. ¶ 19.*

### CLAIMS

Plaintiff asserts both federal and state law claims; however, this motion applies only to Plaintiff's state law claims. Plaintiff asserts the following state law claims: excessive force; assault and battery; defamation; reckless disregard; conspiracy;

negligence; gross negligence; negligent training; negligent supervision; harassment; outrage; abuse of process; failure to provide medical care and treatment and intentional infliction of emotional distress.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *CM/ECF Doc. No. 5*; s*ee e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999); *Robertson v. Mullins*, 2:12CV57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

**ARGUMENT**

Plaintiff's state law claims for monetary damages are almost exclusively governed by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.*, which bars the same. Insofar as those state law claims that are not governed by the MTCA are concerned, Forrest County can have no liability for the same.

**I.     MTCA CLAIMS**

Plaintiff state law claims for excessive force, reckless disregard, conspiracy, negligence, gross negligence, negligent training, negligent supervision, harassment[1] and failure to provide medical treatment are all governed by the MTCA.  More specifically, each of these claims are barred by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* The Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* provides the exclusive remedy for claimants asserting state law claims for monetary damages. See *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999). Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions. Several apply here to bar Plaintiff's claims.

**A.     Inmate Exception.**

First, the above claims are all barred by the inmate exception of the MTCA. Section 11-46-9(1)(m) of the MTCA—commonly referred to as the inmate exception—

---

[1] Mississippi does not recognize harassment as a private cause of action under state law. As such, Plaintiff fails to assert a claim upon which relief may be granted, and the movant is entitled to dismissal of the same.  See, e.g., *Mollaghan v. Varnell*, 105 So. 3d 291, 301 (Miss. 2012)(recognizing a claim for sexual harassment under federal law).

3

serves to procedurally bar any state law claim arising out of Plaintiff's incarceration. Section 11-46-9(1)(m) states as follows:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duty shall not be liable for any claims:
> (m) of any claimant who at the time the claim arises is an inmate of any detention center, jail, work house, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate of any detention center, jail, work house, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).

The Mississippi Supreme Court has applied Section 11-46-9(1)(m) on a number of occasions and in each instance has upheld its constitutionally. *See, e.g., Wallace v. Town of Raleigh*, 815 So.2d 1203 (Miss. 2002). Notably, the fact that an inmate is a pre-trial detainee, *i.e.* not yet convicted, makes no difference in the application of the inmate exception. For example, in *Liggans v. Coahoma Co. Sheriff's Dept.*, 823 So.2d 1152 (Miss. 2002), the MSSC granted Coahoma County's Motion to Dismiss based on the inmate exception and found the same applied despite the fact the Plaintiff had not yet been convicted. In another case, *Love v. Sunflower County Sheriff's Department*, 860 So.2d 797 (Miss. 2003), the Supreme Court reiterated that there is no distinction between persons "convicted" and those that are not "convicted" in the application of Section 11-46-9(1)(m). *Love*, 860 So.2d at 801; see also *Harvison v. Greene Co. Sheriff's Dept.*, 899 So.2d 922 (Miss. Ct. App. 2005)(upholding trial judge's grant of Rule 12(b)(6) motion based on Miss. Code Ann. § 11-46-9(1)(m)).

4

It is undisputed that Plaintiff's state law claims arise out of his incarceration at Forrest County Detention Center and, as such, are due to dismissed.

B.     **Police Function Exemption.**

Plaintiff's claims for negligence, gross negligence, negligent training, negligent supervision are also barred by the Police Function Exemption in Section 11-46-9(1)(c) of the MTCA. Section provides that

> [a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim…[a]rising out of any act or omission or an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

Miss. Code Ann. § 11-46-9(1)(c)(emphasis added). Essentially, Section 11-46-9(1)(c) provides two avenues of immunity: (1) if the Plaintiff was engaged in criminal activity at the time of the incident in question, the County is immune from suit and; (2) even if the Plaintiff was not engaged in criminal activity, if no officer acted with reckless disregard for safety and well-being, then the County is immune from suit. *Estate of James Stanley Williams v. City of Jackson, Mississippi*, 844 So. 2d 1161, 1164 (Miss. 2003).

Here, the above claims by their very terms are barred as they all center on alleged "negligence" by unnamed jailers.  Negligence is not sufficient to overcome immunity as the standard is reckless disregard. The Mississippi Supreme Court has defined reckless disregard as "usually…accompanied by a **conscious indifference to consequences amounting almost to a willingness that harm should follow**." *Maye v. Pearl River*

5

*County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added). The Court has further explained that "reckless disregard embraces willful or wanton conduct which requires **knowingly and intentionally** doing a thing or wrongful act." *Turner v. Ruleville*, 735 So. 2d 226, 230 (Miss. 1999) (emphasis added); see also *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998)(holding that willfulness and wantonness include an element of "intent to harm"). Most importantly, reckless disregard has specifically been held to be "higher standard than gross negligence by which to judge the conduct of officers." *City of Jackson v. Lipsey*, 834 So. 2d 687, 691 (Miss. 2003); see also *City of Jackson v. Gardner*, 108 So. 3d 927, 929 (Miss. 2013)(reckless disregard exceeds gross negligence and embraces willful and wanton conduct). Plaintiff's Complaint does not contain allegations that demonstrate reckless disregard. As a result, these claims are barred[2].

C. <u>Section 11-46-5.</u>

In addition, Sheriff McGee cannot be held personally liable for any of the above inasmuch as Section 11-46-5 specifically prohibits the same. While Plaintiff's Complaint does not allege Sheriff McGee was personally involved in any of the alleged incidents, any contact he might have had with Plaintiff would only be in his role as Sheriff of Forrest County. Because Sheriff McGee would only have contact, if at all, with Plaintiff while acting in the "course and scope of his employment" Section 11-46-5 bars personal liability for any state law claims.

---

[2] These claims are also barred by the discretionary function exemption. Miss Code Ann. § 11-46-9(1)(d); *Bonney v. Leflore County*, 2013 U.S. Dist. LEXIS 42522 (N.D. Miss. Mar. 26, 2013)(supervision and training of officer is discretionary); *Baker v. Holman*, 2010 U.S. Dist. LEXIS 106416 (N.D. Miss. Oct. 4, 2010)(same).

## II.     NON-MTCA CLAIMS

Plaintiff's Complaint also asserts several claims against Forrest County and Sheriff McGee that are outside the parameters of the MTCA. These claims include assault and battery, defamation, outrage, abuse of process and intentional infliction of emotional distress.

### A.     <u>Forrest County</u>

Each of the above claims are barred as to Forrest County as the conduct that would make up such claims is outside the course and scope of an employees' employment.  The MTCA applies to claims asserted against County employees acting in the course and scope of their employment. See Miss Code Ann. § 11-46-5.

Section 11-46-5 delineates certain conduct which is not in the course and scope.

> For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

Miss. Code. Ann. § 11-46-5.  Defamation is specifically noted as being barred and, thus, Plaintiff's defamation claim must be dismissed. Similarly, because assault and battery would constitute a criminal offense, Forrest County cannot be held liable for the same.

In Mississippi in order to demonstrate a claim for malicious prosecution, Plaintiff must prove six elements: (1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the plaintiff's

7

favor; (4) **malice in instituting the proceedings**; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the prosecution. *McClinton v. Delta Pride Catfish*, Inc., 792 So.2d 968, 973 (Miss. 2001)(emphasis added). Thus, the very elements of a claim for malicious prosecution require Plaintiff prove the prosecuting individual acted with malice—conduct that is clearly outside the course and scope of one's employment. Because malicious conduct would be outside the course and scope of employment for any Forrest County employee, any claim against the County arising out of the same is barred.

Similarly, Plaintiff's claim for intentional infliction of emotional distress is barred. A claim for intentional infliction of emotional distress predicated on behavior that is malicious is barred by the MTCA. See *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011)(quoting *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1211 (Miss. 2000)(emphasis added); *McBroom v. Payne*, No. 1:06CV1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010)(intentional infliction of emotional distress barred by MTCA). A claim for outrage, under Mississippi law, is the same tort as intentional infliction of emotional distress. See *Jones v. Jackson State Univ.*, 2008 U.S. Dist. LEXIS 18012 (S.D. Miss. 2008); see also *Bombardier Capital, Inc. v. Royer Homes*, 2006 U.S. Dist. LEXIS 47129 (S.D. Miss. May 15, 2006). As such, the County cannot be liable for Plaintiff's claim of outrage.

    B.    <u>**Sheriff Billy McGee**</u>

Sheriff Billy McGee cannot be held liable for the above referenced claims as there is not a single allegation that he was personally responsible for any assault and battery,

defamation, outrage, abuse of process or intentional infliction of emotional distress towards the Plaintiff. Accordingly, all state torts which fall outside the auspices of the Mississippi Tort Claims Act (MTCA) are due to be dismissed as to McGee in his individual capacity.[3]

## CONCLUSION

For the reasons stated hereinabove as well as in the defendants' Motion for Judgment on the Pleadings, each and every state law claim must be dismissed.

**DATE:** May 18, 2017.

        Respectfully submitted,

        **FORREST COUNTY,
MISSISIPPI AND SHERIFF
BILLY MCGEE**

        BY:   /s/*William R. Allen*
              One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: jmalone@aabalegal.com

---

[3] Given that a claim asserted against McGee in his official capacity is, in essence, a claim against the County, for the same reasons as outlined hereinabove in Section IIIA, Plaintiff's claims for assault and battery, defamation, outrage, abuse of process and intentional infliction of emotional distress are likewise due to be dismissed as to McGee in his official capacity.

9

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgment on the Pleadings with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

>Tangi A. Carter, Esq.
>Attorney at Law
>610 Adeline Street, Suite 1-B
>Hattiesburg, MS 39401
>tangi@tcarterlaw.com

This the 18th day of May, 2017.

>/s/*William R. Allen*
>OF COUNSEL