IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILLARD REDDEN TOUSSAINT,
     Plaintiff,
vs.                          CIVIL ACTION NO. 2:17-cv-0043-KS-MTP

FORREST COUNTY, MISSISSIPPI;
FORREST COUNTY SHERIFF'S DEPARTMENT
FORREST COUNTY SHERIFF BILLY MCGEE; and
JOHN DOES 1-3 (Individually and in their official capacities),
     DEFENDANTS.

## PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' MOTIONS
## FOR JUDGMENT ON THE PLEADINGS

COMES NOW, MILLARD REDDEN TOUSSAINT, by and through undersigned counsel, and offers the following response opposing Defendants' motions for judgment on the pleadings:

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff ("Mr. Toussaint") filed this action on March 27, 2017 seeking damages and equitable relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act 42 U.S.C. § 12101, et seq., and the Mississippi Tort Claims Act. (Doc. 1) Sheriff Billy McGee and John Does 1-3 are sued individually *and* in their official capacities.

John Does 1-3 are identified in the Complaint as "officers with the Forrest County jail" (Doc.1 p 2 ¶ 6), but, having remained unnamed and unserved, they have not filed a responsive pleading nor any motion. Defendants named three individuals in their initial disclosures as officers of the Forrest County Sheriff's Department, whom Defendants believe "have knowledge of the alleged use of force." (See, Doc. 9) Plaintiff contends, therefore, that early discovery will

lead to the identification of John Does 1-3 in short order; and additional salient and material facts will be learned which support Mr. Toussaint's claims.

Forrest County ("the County"), the Forrest County Sheriff's Department ("the Sheriff's Dept.") and Forrest County Sheriff Billy McGee ("Sheriff McGee") filed their joint Answer on April 21, 2017. (Doc. 4) The Answer concedes subject matter jurisdiction and venue in this Court. (Doc. 4 p 4 ¶¶ 12-13) The Answer asserts only one immunity defense with enough specificity to give Plaintiff "fair notice"[1] of what the defense actually is - the defense of qualified immunity[2] - pleaded as to Sheriff McGee *only*. (Doc.4 p 2 "Third Defense") The Answer asserts *unspecifically* "all immunities" for all Defendants. (Doc. 4 p 6 "Seventh Defense") As to the state law claims in particular, the Answer asserts on behalf of "the answering defendant" (singular, without identifying which Defendant is meant) *unspecifically* "every ... immunity ... of the Mississippi Tort Claims Act...". (Doc. 4 p 2 "Fifth Defense") Plaintiff contends that these affirmative defenses are like the proverbial hoopskirt, which "covers everything and touches nothing"[3].

On May 18, 2017, Forrest County and Sheriff McGee moved for judgment on the

---

[1] "[W]hether [or not] *Twombly* sets the pleading standard for affirmative defenses ... [an] affirmative defense fails even under the more liberal pleading standard which controls if *Twombly* does not apply. Under pre-*Twombly* law, "the key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."" *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504, 86 Fed. R. Serv. 3d 613 (D. Nev. 2013)

[2] To overcome Sheriff McGee's qualified immunity defense, the Complaint must show that he "violated a clearly established statutory or constitutional right of which a reasonable person would have known." *See e.g., Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d at 441 (citing *Pearson v. Callahan,* 555 U.S. 223, 231–32, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Mr. Toussaint contends that the acts alleged in the Complaint meet this requirement. But, in the event that the Complaint is deemed to be less than adequate in this or any other regard, Plaintiff is requesting, by way of a separate motion, leave to amend his Complaint to address these and other issues.

[3] *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (N.C. Sup. Ct. 1970) (holding that an assignment of errors on appeal which attempts to raise several different questions is "broadside" and ineffective).

pleadings as to the state law claims only. (Doc. 11 p 1) In part, they base their motion on the unspecified immunity defenses to which they allude in their Answer. Plaintiff has not filed a motion to strike those defenses or for a more definite statement; but, it is doubtful that judgment on the pleadings may rest on *insufficient* affirmative defenses, where even the *full name* of the defense was not pleaded, let alone "factual particularity"[4]. This motion is now before the Court.

Also before the Court is the Sheriff's Dept.'s May 18, 2017 motion for judgment on the pleadings, made on the grounds that the Sheriff's Dept. is not a governmental entity subject to suit per Mississippi state substantive law. (Doc.10 pp 1-2)

As a preliminary matter, Plaintiff concedes that the Sheriff's Dept. is not an entity capable of being sued and any claims against it are duplicative of and subsumed in those against the County. Per the Mississippi Tort Claims Act "Governmental entity" means the state and political subdivisions." Miss. Code. Ann. § 11-46-1(g).  "Political subdivision" means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including, but not limited to, any county... or other instrumentality of the state, whether or not the body or instrumentality has the authority to ...sue or be sued in its own name." Miss. Code. Ann. § 11-46-1(i) "State" means the State of Mississippi and any office, department, ...or other instrumentality thereof, whether or not the body or instrumentality has the authority to ... sue or be sued in its own name."  Miss. Code.

---

[4] "There is indeed today a national majority on the issue of *Twombly* and *Iqbal's* applicability to affirmative defenses, but it is decidedly in the direction of refusing to apply plausibility to such pleadings. Therefore, the Court will apply the fair notice standard, which requires a defendant to plead an affirmative defense with enough specificity or *factual particularity* to give the plaintiff fair notice of the defense that is being advanced[.] ... Merely pleading the name of the affirmative defense ... *may* be sufficient." *Certain Underwriters at Lloyd's Subscribing to Policy no. TCN034699 v. Bell,* 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *2 (S.D. Miss. Sept. 11, 2014) (citing and quoting *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999) (internal quotation marks and brackets omitted) (emphasis added).

Ann. § 11-46-1(j) For these reasons, Plaintiff concedes dismissal of the state law claims against the Sheriff's Dept.

Additionally, Plaintiff concedes that the following claims should be dismissed as insufficient or duplicative of other claims: defamation; harassment; and abuse of process. To effect these concessions, to meet Sheriff McGee's qualified immunity defense, and to meet other contentions of Defendants' motion for judgment on the pleadings, Plaintiff contemporaneously herewith moves for leave to amend his complaint. That motion and proposed amended complaint are incorporated herein by this reference.

## ARGUMENT

## I.  STANDARD OF REVIEW OF JUDGMENT ON THE PLEADINGS

Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard as motions to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under this standard, the complaint survives if the factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" and if it "plead[s] enough facts to state a claim to relief that is plausible on its face." *Costello v. U.S. Bank Trust, N.A. for LSF9 Master Participation Trust*, 16-20739, 2017 WL 1826165, at *1 (5th Cir. May 3, 2017) (citation omitted).

"[I]t is exceedingly important for the Court to be ever mindful of its duty at this stage of litigation to draw any inferences and resolve any disputes of material facts in favor of Plaintiffs." *Estate of Manus v. Webster Cty., Miss.*, 1:11-CV-00149-SA-DAS, 2014 WL 2207851, at *2 (N.D. Miss. May 28, 2014) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); and

*Tolan v. Cotton*, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) ("Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant[.]").

*Manus, Adickes, Little* and *Tolan* addressed the summary judgment stage of litigation, but the same requirement applies to dispositive motions under Rule 12, at which Plaintiff's factual allegations are taken as true. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

"In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to the contents of the pleadings, including attachments thereto." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) (citation and quotation marks omitted). Plaintiff's complaint referred to his formal complaint filed with the Federal Bureau of Investigations and his April 26, 2017 notice of claim to Defendants. (Doc.1 ¶¶ 11, 21) The latter was attached as Exhibit A. (Doc.1-1, Exhibit A). Defendants' Answer neither referenced nor included exhibits. The Court gives no *deference* to the Answer. "Accepting the Defendant['s] unilateral statements as true would deprive [Toussaint] of the presumption of truth to which he is entitled at this stage of the litigation." *Bosarge,* at 441.

## II.  DEFENDANTS' CHARACTERIZATION OF THE FACTS

The County and Sheriff McGee move for judgment on the pleadings as to the Plaintiff's state law claims due to a number of exceptions in the Mississippi Tort Claims Act. (Doc.s 11 and 12) They begin with the premise that this case arises from Mr. Toussaint's "*incarceration*". (Doc. 12 pp 1; 5) This is somewhat misleading, because it implies that Mr. Toussaint was a *criminal*, convicted and being punished by serving a sentence in jail.

Instead, the Complaint shows that Mr. Toussaint was a pretrial detainee, presumed to be innocent of the crime for which he was arrested. (Doc. 1 ¶¶ 4-10) As such, the Defendants had

*no authority* to subject him to any punishment whatsoever, and Mr. Toussaint retained *most* of the rights of any ordinary citizen. "Pre-trial detainees must be held under the least restrictive means necessary to assure their presence at trial." *Taylor v. Sterrett*, 532 F.2d 462, 470, FN 11 (5th Cir. 1976) (citations omitted). Their presumptively innocent status requires closer scrutiny of limitations on their fundamental rights and liberties than for convicted inmates. *Id*. (citations omitted).

### III.   MISS. CODE. ANN. § 11-46-9(1)(m) "INMATE EXCEPTION"

Defendants argue that the state law claims against the County and Sheriff McGee are barred by the "inmate exception", which reads:

> A governmental entity and its employees *acting within the course and scope of their employment or duties* shall not be liable for any claim:
> ...
> Of any claimant who at the time the claim arises is an inmate of any ... jail[.]

Miss. Code. Ann. § 11-46-9(1)(m) (emphasis added). This exception clearly does not apply to any state law claim for acts *outside* the scope of Sheriff McGee's employment. Nor does it apply to those act by John Does 1-3 who are not the subject of the motions, but who are subordinate to Sheriff McGee. "Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." *Brooks v. George County,* 84 F.3d 157, 165 (5th Cir.1996).

*Cunningham v. Hinds Cty. Sheriff's Dep't*, 3:12CV634-CWR-FKB, 2012 WL 5384642, at *2 (S.D. Miss. Nov. 1, 2012). The complaint alludes to an abuse of power by Sheriff McGee through his custom, policy or practice carried out by John Does 1-3. (Doc. 1 ¶ 14) To the extent that such abuse of power is found to be *outside* the scope of his employment, the inmate exception cannot bar Sheriff McGee's *personal* liability.

Plaintiff agrees that the MTCA does not waive sovereign immunity for the County's wrongs outside the scope of its authority and that the inmate exception bars the County's liability for the claims alleged to be within its authority.  However, the MTCA is not the final word on the subject, because the State of Mississippi's limited waiver of sovereign immunity does not bar Plaintiff's claims and request for injunctive relief for *ultra vires* acts by the County, Sheriff McGee or John Does 1-3 (imputed to the County and/or Sheriff McGee). (Doc. 1 ¶14; Prayer for Relief ¶ 3)

"[A] plaintiff can sometimes avoid the jurisdictional bar posed by sovereign immunity by suing a state officer and challenging the actions of that officer as prohibited by federal law and therefore *ultra vires*." *Jordening v. Brown*, 3:15CV141, 2017 WL 377948, at *2 (N.D. Miss. Jan. 24, 2017) (citing and quoting *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908). "So long as the plaintiff seeks prospective injunctive relief, a federal court may consider whether the state officer's actions are forbidden by federal law. *Id*. (citing and quoting *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L.Ed. 2d 662 (1974)).

Plaintiff contends that the Complaint's factual allegations on this point are somewhat unclear, but it is reasonable to infer that the policies, customs and acts described are forbidden by federal law and, that application of the "inmate exception" to pretrial detainees is unconstitutional.  Moreover, these contentions and allegations are clarified in his proposed amendment.

## IV.  MISS. CODE. ANN. § 11-46-9(1)(c) "POLICE FUNCTION EXCEPTION"

Defendants next argue the "police function" exception to the Act:

A governmental entity and its employees *acting within the course and scope of their employment or duties* shall not be liable for any claim:
...

Arising out of any act or omission of an employee of a governmental entity engaged in the performance ... of duties ... relating to police ... protection *unless the employee acted in reckless disregard of the safety and well-being of any person* not engaged in criminal activity at the time of injury[.]

Miss. Code. Ann. § 11-46-9(1)(c) (emphasis added).

Reckless disregard is apparent from the actions of John Does 1-3 as alleged in the Complaint. It is somewhat less clearly alleged that the Sheriff made the policies, procedures and culture that allowed and encouraged John Does 1-3 to take those actions. But, it is fair to infer Sheriff McGee's reckless disregard of his duty to make and enforce policy consistent with federal civil rights of pretrial detainees. This fair inference of reckless disregard makes the police function exception inapplicable to the state law claims against the Sheriff. To the extent that those claims are inadequately pleaded, Plaintiff contends that his proposed amended complaint cures such defects.

## V.  MISS. CODE. ANN. § 11-46-9(1)(d) "DISCRETIONARY FUNCTION"

Defendants next argue the "discretionary function" exception to the Act:

A governmental entity and its employees *acting within the course and scope of their employment or duties* shall not be liable for any claim:
...
Based upon the exercise or performance or the failure to exercise or perform a *discretionary* function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

Miss. Code. Ann. § 11-46-9(1)(d) (emphasis added).

Sheriffs and their deputies have great discretion in police matters. But, Sheriff McGee had no *discretion* to allow or encourage his officers to shackle and beat Mr. Toussaint, to keep him shackled hands to feet, and to refuse him medical attention as punishment for his requests to make a phone call. Nor did Sheriff McGee have discretion whether to promulgate and enforce policies and procedures for his officers' compliance with the federal and Mississippi state

constitutions.[5]   Nor did Sheriff McGee have discretion whether to select and train officers capable of such compliance[6].

Nor did John Does 1-3 (for whom Sheriff McGee was the responsible policy-maker) have discretion to shackle, beat, drag, isolate and then refuse medical care to Mr. Toussaint. The Complaint alleges that his requests for a phone call were met with the shackled beating and his requests for medical help were met with the threat of additional beatings. (Doc. 1 ¶¶ 5-9) This is *punishment*.  No other purpose withstands even the slightest scrutiny[7] of the facts alleged in the Complaint.

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395, n. 10, 109 S.Ct. 1865, 1871, n. 10, 104 L.Ed.2d 443 (1989), (quoting *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1979)**).** This is precisely because they "cannot be punished *at all*[.]" *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015) (emphasis added). Thus, the "discretionary function" exception does not apply here.

## VI.  STATE LAW CLAIMS AGAINST SHERIFF MCGEE PERSONALLY

Next, Defendants argue that § 11-46-5 "specifically prohibits" Sheriff McGee's personal

---

[5] Mississippi has its own due process and equal protection clauses: "No person shall be deprived of life, liberty, or property except by due process of law." Miss. Const., § 14. "The people shall be secure in their persons ... from unreasonable seizure or search..." *Id*., § 23 (also stating what process is due for issuance of warrants). "The enumeration of rights in this constitution shall not be construed to deny and impair others retained by, and inherent in, the people." *Id*., § 32. Presumably, the rights inhere in all Mississippi people equally because:  "All persons, resident in this State, citizens of the United States, are hereby declared citizens of the State of Mississippi." *Id*., § 8.

[6] The Complaint alleges the Sheriff's failures at ¶ 14; and they are alleged with more clarity in the proposed amended complaint.

[7] Plaintiff has no obligation to allege or prove motive or subjective intent. His claim succeeds if "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015) (citations omitted).

liability for the acts alleged. This is erroneous. The Mississippi Tort Claims Act does not prohibit Sheriff McGee from being personally liable for his torts committed outside the scope of his employment - it prohibits *government* liability for those torts:

> ... [I]mmunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and ... their employees *while acting within the course and scope of their employment* is hereby waived ...
>
> ...[A]n employee shall not be considered as acting within the course and scope of his employment *and a governmental entity shall not be liable* or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

Miss. Code Ann. § 11-46-5 (emphasis added). Thus, the statute does not prohibit Mr. Toussaint from suing Sheriff McGee personally for torts committed outside the scope of his employment.

> For the purposes of this chapter *and not otherwise*, it shall be a *rebuttable* presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.

Miss. Code Ann. § 11-46-5(3) (emphasis added). This part of the statute clearly recognizes that the scope of employment is a fact-based question, subject to being disproved at trial. Moreover, recent case law recognizes that this personal liability may even include punitive damages. *See, e.g., Brown v. Wilkinson Cty. Sheriff's Dep't*, 5:16-CV-124-KS-MTP, 2017 WL 1479428, at *10 (S.D. Miss. Apr. 24, 2017) (noting that Miss. Code Ann. § 11-46-15(2) forbids punitive damages from the County or the individual Defendants in their official capacities). "However, this provision *does not bar* the recovery of punitive damages for any claim falling *outside* the scope of the MTCA." *Id*. (emphasis added)

As a general matter, Mr. Toussaint is free to plead his claims in the alternative, even if they are inconsistent. No magic words are required. "A party may set out 2 or more statements of a claim or defense alternatively... If a party makes alternative statements, the *pleading* is

sufficient if *any* one of them is sufficient." Fed. R. Civ. P. 8(d)(2) "A party may state as many separate claims ... as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3) "[T]here is no requirement that Plaintiff include the magic words 'in the alternative' in making alternative claims." *Soule v. Hilton Worldwide, Inc.,* 1 F. Supp. 3d 1084, 1103 (D. Haw. 2014).

Mr. Toussaint will be entitled to judgment and damages against Sheriff McGee *personally*, if his tortious acts are found to have been *outside* the scope of his employment. Whether the acts alleged in the Complaint are within the course and scope of the duties of Sheriff McGee or John Does 1-3, are questions of *fact*, to be determined by the jury at trial. See, e.g., *Op.Atty.Gen. No. 2002-0746*, Amy, January 17, 2003 (Whether the employees' actions were indeed within the course and scope is a question of fact.) *See also*, *The Estate of Gray v. Dalton*, 1:15CV061-SA-DAS, 2017 WL 74716, at *8 (N.D. Miss. Jan. 6, 2017), *on reconsideration in part sub nom. Estate of Dunn Gray v. Dalton*, 1:15CV061-SA-DAS, 2017 WL 564035 (N.D. Miss. Feb. 10, 2017); *Winters v. Highlands Ins. Co.,* 569 F.2d 297, 299 (5th Cir.1978); *Ureta v. Thompson*, 892 F.2d 426, 429 (5th Cir. 1990).

If Defendants did act within the scope of their employment, the government's liability will turn on (1) whether those acts stem from the Defendants' ultra vires policies violating federal law, to which the State's sovereign immunity and limited waiver in the MTCA has no effect; and/or, (2) whether Sheriff McGee and/or John Does 1-3 acted in reckless disregard for Plaintiff's well-being per the MTCA.

Reckless disregard is the exception to the exception for "police function" in § 11-46-9(1)(c). Plaintiff contends that reckless disregard is *apparent* from the well-pleaded facts in the Complaint. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e)

"MTCA would allow liability if the [] officers committed torts while acting within the

course and scope of their employment." *Davis v. Hinds Cty., Mississippi*, 3:16CV674-DPJ-FKB, 2017 WL 2269010, at *9 (S.D. Miss. May 23, 2017). "Starting with the Police-Function Exception, a governmental entity like [the] County is immune from any claim arising from its ...performance or execution of duties or activities relating to police ... protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *Id.* (Citation omitted)

"Today, we must decide only the initial legal question of whether the MTCA acts as a complete bar to [Toussaint's] claim. In so doing, we view the [Complaint] and all reasonable inferences drawn therefrom in the light most favorable to [Toussaint]." *Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1117 (Miss. 2014) (citations omitted). "[A] governmental entity is *not immune* from liability under Section 11–46–9(1)(c) for the acts of its police officers [] if those acts are not *sufficiently related* to police [] *protection*. The employee's *job title alone cannot serve as a shield from liability.*" *Brantley v. City of Horn Lake*, 152 So. 3d at 1106.

The County and Sheriff McGee argue that "there is no <u>*evidence*</u> any officer acted with reckless disregard for Plaintiff's safety and wellbeing." (Doc. 11 p 2 ¶ 8) At this stage of the litigation, there is no *evidence* of anything at all before the Court. There is only the Plaintiff's Complaint, with his well pleaded *factual* allegations, taken as *true* for the purposes of this motion. "We will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d at 439 (citing *Gines v. D.R. Horton, Inc.,* 699 F.3d 812, 816 (5th Cir.2012) (internal quotation marks, citation, and alteration omitted). Accord, *Wood v. Moss*, 134 S. Ct. 2056, 2067, 188 L. Ed. 2d 1039 (2014); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

The well-pleaded factual allegations in this case are fairly summarized as follows: In the

early morning hours of April 1, 2016, Mr. Toussaint's jailors trussed him up like a Thanksgiving Day turkey, cuffing his hands and feet together and connecting them with a chain. They proceeded to beat him senseless, breaking his ribs and tearing his shoulder. They dragged him, still chained and unconscious, to an isolation cell where they ignored his pleas for medical attention for several hours, while threatening him with more beatings. (Doc. 1 p 2 ¶¶ 4-10) Plaintiff contends that these acts *embody* reckless disregard. See, e.g., the definitions cited by Defendants (Doc. 12 p 5): "It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Maye v. Pearl River Cty.*, 758 So. 2d 391, 394 (Miss. 1999) (finding that the defendant's actions "rise to the level of reckless disregard because Collier showed a conscious disregard for the safety of others when he backed up the incline entrance to the parking lot knowing he could not be sure the area was clear.") *Id*. at 395.

Plaintiff is not required to use the magic words "reckless disregard" in his complaint in order to state a valid claim for relief. As a matter of law, such conclusory language is disregarded by the Courts because all of the ingredients in a valid claim are *facts*. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (explaining that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not sufficient to state a claim).

"Discussing the purpose of Section 11–46–9(1)(c), this [Mississippi Supreme] Court has opined, Police officers [] are more likely to be exposed to dangerous situations and to liability, and therefore, public policy requires that they not be liable for *mere negligence*." *Brantley v. City of Horn Lake*, 152 So. 3d 1106, 1111 (Miss. 2014) (citing *Maldonado v. Kelly,* 768 So.2d 906, 909 (¶ 6) (Miss.2000)) (emphasis added). However, it cannot be reasonably concluded that

it is *merely negligent* to render a person utterly defenseless, beat him unconscious, break his bones and then refuse him medical care for these injuries while threatening him with more beatings. Moreso here, because Mr. Toussaint was *already* disabled *before* his jailers beat him unconscious and broke his bones. (Doc. 1 p 2 ¶¶ 4-10)

For these reasons, the "police function" exception to waiver of governmental immunity found in Miss.Code Ann. § 11–46–9(1)(c) does not apply to any claim alleged in this matter.

## VII.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT AND BATTERY AND OTHER NON-MTCA COMMON LAW CLAIMS

Defendants argue that Mississippi does not recognize claims for intentional infliction of emotional distress or outrage stemming from malice and that Miss. Code. Ann. § 11-46-5 bars them as well as claims constituting "fraud, malice, libel, slander, defamation or criminal offenses." (Doc 12 p 7-8)

Plaintiff contends that, as argued above, the MTCA has no effect on the individual Defendants' personal liability for their acts committed *outside* the scope of their employment. Additionally, Plaintiff contends that his state law claims for excessive force, reckless disregard, conspiracy, harassment, failure to provide medical care and intentional infliction of emotional distress, are not barred by the MTCA because malice is not a necessary element of these claims. One of Defendants' own authorities on this point clarifies:

> The Mississippi Supreme Court has held that torts which require proof of malice as an essential element are excluded from the MTCA under this section. *See Zumwalt v. Jones County Bd. of Supervisors,* 19 So.3d 672, 688–89 (¶¶ 83–84, 86) (Miss.2009) (Claim of tortious interference with business contracts requires proof of malice and is, therefore, not subject to the MTCA, but conversion, an intentional tort which does not require proof of fraud, malice, libel, slander, or defamation, is subject to the MTCA.). Intentional infliction of emotional distress can be predicated on behavior that is "malicious, intentional, willful, wanton, grossly careless, indifferent *or* reckless." *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.,* 759 So.2d 1203, 1211 (¶ 34)

(Miss.2000) (quoting *Leaf River Forest Prods., Inc. v. Ferguson,* 662 So.2d 648, 659 (Miss.1995)) (emphasis added).

*Weible v. Univ. of S. Mississippi,* 89 So. 3d 51, 64 (Miss. Ct. App. 2011) (emphasis in original).

A motion for judgment on the pleadings pursuant to Rule 12(c) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Fox v. D.C.,* 924 F. Supp. 2d 264, 268–69 (D.D.C. 2013), *aff'd sub nom. Fox v. Gov't of D.C.,* 794 F.3d 25, 417 U.S. App. D.C. 183 (D.C. Cir. 2015) (citations omitted).  "Put another way, "[i]f there are allegations in the complaint which, if proved, would provide a basis for recovery, the Court cannot grant judgment on the pleadings." *Id.*

## CONCLUSION

Plaintiff's alternative claims, even those inconsistent with each other, are allowed by Rule 8, which requires that pleadings be construed to do justice. Certainly, Defendants' immunity (were it adequately pleaded) would raise an important governmental concern.  But, the facts alleged in the Complaint - not the Answer - are entitled to deference for purposes of this motion; and justice requires that they proceed on their merits.  Plaintiff concedes dismissal of the Forrest County Sheriff's Dept. and the claims for defamation; harassment; and abuse of process. Plaintiff requests that Defendants' motion be denied as to all other state law claims.

Respectfully submitted this 20th day of June 2017.

S/Tangi A. Carter
TANGI A. CARTER
MS Bar Number 10846
610 Adeline St., Suite 1-B
Hattiesburg, MS  39401
Telephone: (601) 544-1313
Facsimile: (601) 861-4430
Email: tangi@tcarterlaw.com

## CERTIFICATE OF SERVICE

I, Tangi A. Carter, do hereby certify that I have this date served a true and correct copy of

the foregoing PLAINTIFF'S RESPONSE OPPOSING MOTIONS FOR JUDGMENT ON THE

PLEADINGS on all parties of record via CMECF as follows:

William R. Allen
Jessica S. Malone
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602-0751
Attorneys for Defendants

This the 20th day of June 2017.

/S/Tangi A. Carter
TANGI A. CARTER
Attorney for Plaintiff